**In re Edgewood Manor**

*Hershel J. Richman,* for Department of Environmental Resources.

*John J. Travaskis, Jr.,* for appellant.

BROUGHTON, Chairman of the Board, May 29, 1973.—This is an appeal from an order of the Department of Environmental Resources (DER) dated May 17, 1972, denying appellant permission to connect three houses to the Caln Township sanitary sewer system. A hearing was held on October 2, 1972, before Robert W. O'Donnell, Esq., hearing examiner.

FINDINGS OF FACT

1. Appellant, John P. Trevaskis, Jr., is the owner of lots nos. 3, 5 and 8, Edgewood Manor, Caln Town-

ship, Chester County, Pa., having purchased those lots in 1968.

2. There is presently a modular home erected on lot no. 3 and a similar home erected on lot no. 8; lot no. 5 being vacant.

3. A permit for on-site sewage disposal for lot no. 3 was received in July 1971. A building permit was subsequently received for lot no. 3.

4. The Department of Environmental Resources, by order issued December 17, 1969, to Caln Township Municipal Authority, prohibited further connections to said authority's sewerage system without a permit from the DER.

5. No building permit for any of the lots in the case had been issued to appellant on or before the date of the ban.

## DISCUSSION

Appellant does not contend that a building permit was issued to him prior to the date of the sewer ban or that his were buildings whose occupation predated the ban or that undue governmental delay caused him to come under the ban.

Appellant contends that the harm to the environment resulting from his sewer connection would be minimal. This is true for most requests to make a sewer connection, when these requests are considered individually. The applicable standard, however, is a rigid one. An exception will be made only where there is *no* increase in sewage flow. The purpose of this rule is to accommodate replacement of sewage facilities, not the installation of new ones. Appellant fails to satisfy the spirit or the letter of the rule, since his requested connection is new and would, by his own admission, increase the flow of sewage.

Appellant relies on the hardship caused him as a basis for relief. The evidence of hardship consisted solely of his statement that a substantial amount of money had been invested in the construction of two houses and that on-site disposal of the sewage was impossible.

Appellant has failed to sustain his burden of showing that the order was improper and, accordingly, the action of the DER in failing to grant the requested exception was proper.

### CONCLUSION OF LAW

The Department of Environmental Resources properly denied appellant's request for an exception to the ban on connections to Caln Township sanitary sewer system.

### ORDER

The appeal of John P. Trevaskis, Jr., from the order of the Department of Environmental Resources dated May 17, 1972, is hereby dismissed.